JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert Handy, derivatively on behalf of Thomas E. Mackell, M.D., Ltd. d/b/a Bucks County Orthopedic Specialists

**DEFENDANTS**
Delaware River Surgical Suites, LLC d/b/a Bucks County Surgical Suites, Kieran D. Cody, M.D., Charloes B. Burrows, M.D., Ninad D. Sthalekar, M.D., Thomas H. Vikoren, M.D., Sean Butler, D.O., et al.

**(b)** County of Residence of First Listed Plaintiff   Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kang Haggerty & Fetbroyt LLC
123 S. Broad St, Suite 1670
Philadelphia, PA 19109

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Section 43 of the Lanham Act, 15 U.S.C. § 1125
Brief description of cause:
Shareholder derivative action on behalf of nominal defendant for unfair competition under the Lanham Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
03/12/2019

SIGNATURE OF ATTORNEY OF RECORD
*Edward T. Kang*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ROBERT HANDY | : | CIVIL ACTION |
| v. | : | |
| DELAWARE RIVER SURGICAL SUITES, LLC, *et al.* | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| 3/12/19 | Edward T. Kang, Esquire | Robert Handy |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-525-5850 | 215-525-5860 | ekang@khflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Robert Handy, 800 W. State Street, Suite 201, Doylestown, PA 18901 _____

Address of Defendant: _____ 800 W. State Street, Suite 201, Doylestown, PA 18901 _____

Place of Accident, Incident or Transaction: _____ Bucks County _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/12/2019  *Edward T. Kang*  87823
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify):* Section 39 of Lanham Act, 15 U.S.C. § 1121

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Edward T. Kang _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 03/12/2019  *Edward T. Kang*  87823
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HANDY, derivatively on behalf of THOMAS E. MACKELL, M.D., LTD. d/b/a BUCKS COUNTY ORTHOPEDIC SPECIALISTS | : : : : | CIVIL ACTION |
| | : | No._____ |
| Plaintiff, | : : | |
| v. | : | ***Jury Trial Demand*** |
| | : | |
| DELAWARE RIVER SURGICAL SUITES, LLC d/b/a BUCKS COUNTY SURGICAL SUITES, KIERAN D. CODY, M.D., CHARLES B. BURROWS, M.D., NINAD D. STHALEKAR, M.D., THOMAS H. VIKOREN, M.D., SEAN BUTLER, D.O., JUNG PARK, M.D., and DOUGLAS A. BOYLAN, M.D. | : : : : : : : : | |
| Defendants, | : : | |
| and | : : | |
| THOMAS E. MACKELL, M.D., LTD. d/b/a BUCKS COUNTY ORTHOPEDIC SPECIALISTS | : : : | |
| Nominal Defendant. | : : | |
| | : | |

## **COMPLAINT**

Plaintiff, Robert Handy, M.D., derivatively on behalf of Thomas E. Mackell, M.D.,

LTD. d/b/a Bucks County Orthopedic Specialists ("BCOS" or the "Corporation"), by and

through its undersigned counsel, Kang Haggerty & Fetbroyt LLC, hereby files this civil

complaint (the "Complaint") against above-referenced defendants and states:

**INTRODUCTION**

1.      This case is a shareholder derivative action on behalf of nominal defendant BCOS.

2.      Plaintiff, a shareholder, director, and employee of BCOS, brings this derivative action for unfair competition under the Lanham Act against Defendant Delaware River Surgical Suites, LLC d/b/a Bucks County Surgical Suites (the "Surgical Center") and its seven members, who are using a logo that is confusingly similar to BCOS's famous trademark that BCOS has used for years (the "BCOS Trademark"). With the assistance and encouragement from the seven members (the "Individual Defendants"), the Surgical Center has adopted and is using a logo that is remarkably and confusingly similar to the BCOS Trademark (the "Infringing Logo"), creating a confusion or likelihood of confusion among patients who use BCOS's services.

3.      Plaintiff demanded BCOS take immediate action against the Surgical Center for violation of the Lanham Act. BCOS, which is also controlled by the Individual Defendants, failed to take immediate action. Rather, with the assistance and encouragement of the Individual Defendants, the Surgical Center continues to use its Infringing Logo in violation of the Lanham Act. The Individual Defendants are also using the Infringing Logo in connection with their services provided at the Surgical Center.

4.      The Surgical Center's adopting and using the Infringing Logo is not surprising as each of the Individual Defendants is also a member of the Surgical Center. That is, the Individual Defendants part owners of both BCOS and the Surgical Center. They also work at both BCOS and the Surgical Center. They know intimately that patients associate the BCOS Trademark with BCOS's services and are trying to capitalize off of the famous trademark for the benefit of the Surgical Center.

2

5.      The Surgical Center is using the Infringing Logo to the detriment of BCOS and its other shareholder, Plaintiff.  Patients throughout Bucks County and surrounding counties, including several New Jersey counties, associate the BCOS Trademark with the quality of BCOS services they received and expect to receive from BCOS over the years.

6.      If left alone, the Surgical Center's and the Individual Defendants' continuing use of the Infringing Logo will cause irreparable harm to BCOS.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  The Court has subject matter jurisdiction over Plaintiff's related state law claims under 28 U.S.C. §§ 1338 and 1367.

8.      The Court has personal jurisdiction over all Defendants as 1) the Surgical Center and BCOS maintain offices and do business in this District; 2) the Individual Defendants do business in this District, and 3) the Individual Defendants reside in this District.

9.      Venue is proper under 28 U.S.C. § 1391(b) in that: 1) a substantial part of the events, acts, or practices giving rise to the claims alleged in this Complaint occurred in this District; and 2) the use of the BCOS Trademark complained of in this Complaint occurs in this District.

## THE PARTIES

10.     Plaintiff, Robert Handy, M.D. ("Plaintiff"), is an adult individual with a business address of 800 W. State Street, Suite 201, Doylestown, PA 18901.

11.     Nominal Defendant BCOS is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a business address of 800 W. State Street, Suite 201, Doylestown, PA 18901.

3

12.     Defendant, the Surgical Center, is a Pennsylvania Limited Liability Company operating and existing under the laws of the Commonwealth of Pennsylvania with a business address of 2800 Kelly Road, Suite 100, Warrington, PA 18976.

13.     Individual Defendant Kieran D. Cody, M.D. is an adult individual with a business address of 800 W. State Street, Suite 201, Doylestown, PA 18901.

14.     Individual Defendant Charles B. Burrows, M.D. is an adult individual with a business address of 800 W. State Street, Suite 201, Doylestown, PA 18901.

15.     Individual Defendant Ninad D. Sthalekar, M.D. is an adult individual with a business address of 800 W. State Street, Suite 201, Doylestown, PA 18901.

16.     Individual Defendant Thomas H. Vikoren, M.D. is an adult individual with a business address of 800 W. State Street, Suite 201, Doylestown, PA 18901.

17.     Individual Defendant Sean Butler, M.D. is an adult individual with a business address of 800 W. State Street, Suite 201, Doylestown, PA 18901.

18.     Individual Defendant Jung Park M.D. is an adult individual with a business address of 800 W. State Street, Suite 201, Doylestown, PA 18901.

19.     Individual Defendant Douglas A. Boylan, M.D. is an adult individual with a business address of 800 W. State Street, Suite 201, Doylestown, PA 18901.

20.     The Surgical Center, Individual Defendants, and BCOS are referred to collectively as "Defendants."

**A.     BCOS and its Trademark**

21.     BCOS is a corporation specializing in orthopedic medicine, including without limitation, reconstructive orthopedics, pain management, arthroscopic surgery, joint

4

replacements, sports medicine, pediatric orthopedics, and hand and upper extremities surgery, and advertises its services in such capacities.

22.   Through its employee-physicians, BCOS provides medically related services to its patients at its offices located in Doylestown, Pennsylvania and Warrington, Pennsylvania.

23.   Since at least 1999, BCOS (before the adoption of the tradename "Bucks County Orthopedic Specialists") has used the running man logo in the BCOS Trademark, which has appeared on BCOS signage, the BCOS website, and BCOS marketing materials, in connection with its services.  Although the name "Bucks County Orthopedic Specialists" was added later, the running man logo was used since 1999.  The BCOS Trademark including the running man and the tradename was used since 2011.

24.   As shown below, the BCOS Trademark can be described as a slightly abstract picture of a green figure (running man) with a semi-circle, around its neck, and on the leftmost portion of its head signifying running or other motion:





25.   BCOS serves patients in Bucks County and the surrounding counties in Pennsylvania and New Jersey.  BCOS uses its BCOS Trademark in connection with its services, including on its website, letterheads, signages, and marketing materials.

5

26.     BCOS's website provides the following description of the Corporation:

> Bucks County Orthopedic Specialists has served the greater Bucks
> and Montgomery County areas for more than 40 years. We have
> grown from a one-physician practice to a 14 physician multi-
> specialty practice(s) that includes orthopedics, sports medicine,
> joints, back/neck, pain management, hand, pediatric orthopedics,
> and concussion care. Our doctors are here to oversee your
> treatment every step of the way. If you are looking for an
> orthopedic surgeon or physical therapist in Doylestown or
> Warrington, Bucks County Orthopedic Specialists can help…[]Our
> mission is to help our patients achieve their greatest physical
> potential by offering them the most advanced options in
> musculoskeletal care. We achieve exceptional results by
> combining proven, advanced techniques with a caring, personal
> approach, delivered from a community practice. Our highly trained
> and experienced team is dedicated to providing seamless,
> personalized care from start to finish.

https://www.bucksortho.com/about-us/

27.     BCOS has been operating since 1985 in the Bucks County medical community.

In 1985, it operated as Thomas Mackell M.D. Ltd.  The tradename "Bucks County Orthopedic

Specialists" was adopted in 2011.

28.     Over the years BCOS has fostered positive brand recognition, a positive

reputation and goodwill with its customers, potential customers and the surrounding community.

29.     BCOS has expended substantial time, money, and resources marketing

advertising and promoting orthopedic medical services sold under the BCOS Trademark.

30.     As a result of its widespread, continuous, and exclusive use of the BCOS

Trademark to identify the orthopedic medical services offered by BCOS, BCOS owns valid

subsisting federal statutory and common law rights to the BCOS Trademark.

31.     Over time, as a result of BCOS's efforts, the BCOS Trademark has acquired

incalculable distinction, reputation, and goodwill belonging exclusively to BCOS.

32.     BCOS was voted "Best of Bucks and Mont" in The Intelligencer paper (https://www.theintell.com) for ten years in a row.  BCOS also placed an advertisement bearing BCOS Trademark in The Intelligencer.

33.     The BCOS Trademark is immediately recognizable and associated with BCOS's services.

34.     The BCOS Trademark is BCOS's intellectual property and through BCOS's exclusive, prolonged use BCOS has established enforceable trademark rights in the BCOS Trademark.

35.     The BCOS Trademark is distinctive to both the consuming public and BCOS's trade and services in the medical community in Bucks County and surrounding counties in Pennsylvania and New Jersey.

**B.      BCOS's Relationship with the Surgical Center**

36.     Plaintiff and the Individual Defendants comprise all of BCOS's shareholders. Plaintiff and the Individual Defendants are collectively referred to as the "Shareholders" in reference to BCOS.

37.     Each Shareholder is a natural person and a holder of one-eighth (1/8) of the issued and outstanding shares of BCOS.

38.     The Shareholders comprise the entire board of directors of BCOS.  The Individual Defendants, therefore, have sufficient vote to maintain control of BCOS.  The Individual Defendants do, in effect, control BCOS.

39.     Each of the Shareholders is also an employee-physician of BCOS.

40.     Each of the Individual Defendants therefore, is a Shareholder, a director of the board, and an employee-physician of BCOS.

41.     BCOS does not have a surgery center at its facilities.  While minor procedures are performed at BCOS's offices, more significant surgeries are performed at Doylestown Hospital.

42.     When a patient requires surgery, therefore, it is usually performed at Doylestown Hospital, which is affiliated with BCOS.

43.     BCOS's surgical patient is charged a facility fee by Doylestown Hospital for their surgery at the hospital.  The facility fee is separate from the surgical fee charged by BCOS physician and surgeons to the patient.

44.     In or around August of 2017, while being a Shareholder, director, employee-physician of BCOS, each of the Individual Defendants joined the Surgical Center as its member.

45.     Specifically, between August 26, 2017 through August 30, 2017, each of the Individual Defendants executed the operating agreement of the Surgical Center and thereby became members of the Surgical Center.

46.     In August 2017, the Surgical Center had eight members: seven of those members were the Individual Defendants and the eighth member was Surgical Center Development, #3 LLC with an address in Towson, MD.

47.     The Surgical Center's operating agreement lists each of the Individual Defendants as a member with identical capital contributions of $56,000 and holding seven units in the Surgical Center representing an interest of 8.05% each.

48.     On November 13, 2018, the Surgical Center registered as a business entity with the Pennsylvania Department of State.

49.     The Surgical Center maintains a website at http://buckscountyss.com under the name Bucks County Surgical Suites ("Surgical Center Website"), identifying its location at 2800 Kelly Road, Suite 100, Warrington, PA 18976 and phone number of 215.607.2100.

50.     The Surgical Center at Kelly Road is less than a four (4) mile drive from BCOS's

office.

51.     The Surgical Center Website provides the following description of the Surgical

Center:

>       Bucks County Surgical Suites is an outpatient surgical center
>       located in Bucks County, PA.  We specialize in Orthopedic, ENT,
>       Podiatry and Pain Management procedures.  With our professional
>       and caring doctors, nurses, and staff, we will make sure you are
>       taken care of and that your stay with us is as comfortable as
>       possible.  We are committed to excellence in our work and highest
>       level of personal care for each of our patients.

http://buckscountyss.com

52.     Also, the Surgical Center Website lists each of the Individual Defendants as a

physician offering medical services at the Surgical Center. *Id.*

53.     The Surgical Center Website lists its specialty areas as, "Hand & Upper

Extremities, Joint Replacements, Orthopedics, Pain Management, Sports Medicine, Podiatry and

ENT." *Id.*

54.     According to the Surgical Center's Website and its operating agreement, the

Individual Defendants will perform a range of orthopedic procedures at the Surgical Center in

the same medical practice areas as BCOS, ranging from minor operations to knee and hip

replacements in numerous operating, procedure, and recovery rooms.

55.     The Individual Defendants own both BCOS and the Surgical Center.  BCOS and

the Surgical Center each has at least one other owner in addition to the Individual Defendants.

56.     Other than the Individual Defendants' ownership interest in BCOS and the

Surgical Center, the two entities are separate entities with no affiliation with each other.

9

57.     BCOS and the Surgical Center are competitors as the Surgical Center provides the same services that BCOS traditionally provided at its facility or Doylestown Hospital.

**C.     The Surgical Center and its Infringing Logo**

58.     The Surgical Center and the Individual Defendants have been engaged in providing orthopedic medical services and, in furtherance of providing such services, has advertised and promoted the Surgical Center using the Infringing Logo throughout Bucks County and surrounding counties in Pennsylvania and New Jersey.

59.     In blatant disregard of BCOS's rights, the Surgical Center and the Individual Defendants are providing, marketing, offering for sale, and selling in interstate commerce orthopedic medical services using the Infringing Logo.

60.     The similarities between the BCOS trademark and the Infringing Logo are substantial such that they create a likelihood of confusion among current and prospective patients.

61.     Acknowledging the similarities between the two, the Individual Defendants have been referring to the Infringing Logo as a "modernized version" of the BCOS Trademark.

62.     As shown below, the Infringing Logo can be described as a slightly abstract picture of a green figure (running man) with a semi-circle around it with figure's arm and back, as well as underneath the purported leg, signifying running or other motion:





63.     The design elements in the Infringing Logo are substantially similar if not substantially identical to those of the BCOS Trademark.  They both have a "running man" as the dominant figure.  The hues of green and blue used in the Infringing Logo are very similar, if not the same, as the colors of the BCOS Trademark.  The semi-circle around the "running man" of the Infringing Logo is remarkably similar to that of the BCOS Trademark. Furthermore, the abstract figure signifying motion used in the Infringing Logo clearly resembles that of the figure in BCOS's Trademark as shown side by side below:

   

**The BCOS Trademark**

   

**The Infringing Logo**

64.     The name that the Surgical Center is doing business under, namely "Bucks County Surgical Suites," is substantially similar to that of BCOS, namely Bucks County Orthopedic Specialists.  Also, the name of both the Surgical Center and BCOS appears in

11

substantially similar positions in the BCOS Trademark and the Infringing Logo. The similarities in the name and the positioning in relation to the graphic add to the similarities between the BCOS Trademark and the Infringing Logo.

65. The evident similarities between the Infringing Logo and the BCOS Trademark, in addition to the similar descriptions of the two entities, creates a likelihood of confusion among current and prospective patients.

66. Like BCOS, the Surgical Center uses the Infringing Logo on its website and through marketing materials that are distributed to its patients, who are often patients of BCOS.

67. As shown below, the Surgical Center and the Individual Defendants are using the Infringing Logo on the Surgical Center's signage, parking lot, and business cards, among others:







14

68.     Tellingly, after Plaintiff's demand that BCOS take immediate corrective measure regarding the Surgical Center's Infringing Logo, the Surgical Center and the Individual Defendants changed the Infringing Logo ever so slightly by making the semi-circle around the running man to a full circle.  The new version of the Infringing Logo is shown below:

    

69.     Despite the Surgical Center's and the Individual Defendants' attempt to differentiate the Infringing Logo from the BCOS Trademark, the Infringing Logo is still confusingly similar to the BCOS Trademark.

70.     While customers of orthopedic medical services may exercise a high degree of care and sophistication in selecting such medical services, the Surgical Center has gone to great lengths to use the Infringing Logo in a fashion that is likely to make a customer or potential customer believe that the Surgical Center and BCOS are associated with or identical to each other.

71.     The Surgical Center's and the Individual Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Surgical Center's orthopedic medical services.

72.     The Surgical Center's and the Individual Defendants' infringing acts as alleged herein have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Surgical Center's services originate from, are associated or affiliated with or otherwise authorized by BCOS.

73.     The Surgical Center's and the Individual Defendants' acts are willful with the deliberate intent to trade on the goodwill of BCOS's Trademark, cause confusion and deception in the marketplace, and divert potential revenue from orthopedic medical services from BCOS to the Surgical Center.

**D.      Demand on BCOS**

74.     On December 11, 2018, Plaintiff made a pre-suit demand on BCOS's board of directors ("Demand Letter"), demanding that BCOS take immediate corrective measures against the Surgical Center.  A true and correct copy of the Demand Letter is attached to this Complaint as Exhibit A, and incorporated by reference.

75.     As set forth in the Demand Letter, Plaintiff detailed the Surgical Center's use of the Infringing Logo and demanded that BCOS immediately address the conduct.  *Id.*

76.     BCOS failed to address the wrongful conduct despite the demand.

77.     Accordingly, Plaintiff files the instant action derivatively on behalf of BCOS against the Defendants.

78.     The Surgical Center's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to BCOS and to its valuable reputation and goodwill with the consuming public for which BCOS has no adequate remedy at law.

79.     By causing a likelihood of confusion, mistake, and deception, the Surgical Center and the Individual Defendants are causing irreparable harm on the goodwill symbolized by the BCOS Trademark and the reputation for quality that it embodies.

80.     The Surgical Center and the Individual Defendants are continuing to use the Infringing Logo.

16

## COUNT I – FEDERAL UNFAIR COMPETITION
**(Plaintiff, derivatively v. Surgical Center and Individual Defendants)**

81.     Plaintiff incorporates by reference the above paragraphs of this Complaint as if fully set forth at length.

82.     Defendant Surgical Center's and the Individual Defendants' unauthorized use in commerce of the Infringing Logo as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Surgical Center's medical services and has and will create a perception that the medical services are sold, authorized, endorsed, or sponsored by BCOS, or that the Surgical Center is in some way affiliated with or sponsored by BCOS.

83.     The Surgical Center and the Individual Defendants committed the foregoing acts of infringement with full knowledge of the BCOS's existing rights in the BCOS Trademark and with the willful intent to cause confusion and trade on BCOS's goodwill and established reputation.

84.     The Surgical Center's and the Individual Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

85.     Due to BCOS's failure to respond to the Demand Letter, Plaintiff brings this claim derivatively.

86.     Plaintiff, on behalf of BCOS, is entitled to injunctive relief and to recover the Surgical Center's and the Individual Defendants' profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

87.     The Individual Defendants are personally liable for their participation in the unfair competition complained of in this Complaint. *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978).

## COUNT II – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
**(Plaintiff, derivatively v. Surgical Center and Individual Defendants)**

88.      Plaintiff incorporates by reference the above paragraphs of this Complaint as if fully set forth at length.

89.      Pennsylvania common law cause of action for trademark infringement requires that the trademark is legally protectable; that Plaintiff owns the trademark, and Defendant's use of the trademark is likely to create confusion among customers. *First American Marketing Corp v. Cannella,* 2004 WL 250537 at *2 (*citing Scot Fetzer Co. v. Gehring,* 288 F. Supp 2d 296, 703 (E.D.Pa. 2003); 54 PA.C.S.A. § 1126.

90.      As set forth above, the BCOS Trademark satisfies all of the above elements and is, therefore, a legally protectable trademark.

91.      The Surgical Center's and the Individual Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of BCOS.

92.      BCOS has no adequate remedy at law for this injury.

93.      The Surgical Center and the Individual Defendants acted with full knowledge of BCOS's use of, and statutory and common law rights to, the BCOS Trademark and without regard to the likelihood of confusion of the public created by BCOS's activities.

94.      The Surgical Center's and the Individual Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the BCOS Trademark to the irreparable injury of BCOS.

95.      As a result of the Surgical Center's and the Individual Defendants' acts, BCOS has been damaged in an amount not yet determined or ascertainable.

18

96.     At a minimum, however, BCOS is entitled to injunctive relief, to an accounting of the Surgical Center's and the Individual Defendants' profits, damages, and costs.

97.     Further, given the deliberate and malicious use of a confusingly similar imitation of the BCOS Trademark, and the need to deter the Surgical Center and the Individual Defendants from engaging in similar conduct in the future, BCOS additionally is entitled to punitive damages.

**COUNT III – INJUNCTIVE RELIEF**
**(Plaintiff, derivatively v. BCOS)**

98.     Plaintiff incorporates by reference the above paragraphs of this Complaint as if fully set forth at length.

99.     BCOS is controlled by the Individual Defendants.

100.    Despite the Demand Letter, BCOS failed to act and take corrective measures against the Surgical Center or the Individual Defendants.

101.    BCOS should be subject to the injunctive relief the Court issues to remedy the wrongdoing complained of in this Complaint.

WHEREFORE, Plaintiff, derivatively on behalf of BCOS, demands judgment against the Defendants, jointly and severally, for:

1.      The Surgical Center and the Individual Defendants, and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from, or in concert or participation with the Surgical Center or the Individual Defendants, and each of them, be enjoined from:

a.      advertising, marketing, promoting, offering for sale, or selling any services using or bearing the Infringing Logo;

19

b.      using the Infringing Logo on or in connection with any of the Surgical

Center's services or products;

c.      using the BCOS Trademark or any other copy, reproduction, colorable

imitation, or simulation of the BCOS Trademark on or in connection with the Surgical Center's

services or goods;

d.      using any trademark, name, logo, design, or source designation of any

kind on or in connection with the Surgical Center's or the Individual Defendants' goods or

services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar

to any of BCOS's trademarks, trade dresses, names, or logos; and

e.      using any trademark, name, logo, design, or source designation of any

kind on or in connection with the Surgical Center's or the Individual Defendants' services or

goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such

goods or services are produced or provided by BCOS, or are sponsored or authorized by BCOS,

or are in any way connected or related to BCOS

2.      The Surgical Center and the Individual Defendants be ordered to cease offering

for sale, marketing, promoting, and selling and to recall products or service bearing the

Infringing Logo or any other a confusingly similar imitation of the BCOS Trademark that is in

the Surgical Center's or the Individual Defendants' possession;

3.      The Surgical Center and the Individual Defendants be compelled to account to

Plaintiff for all profits derived by them from the sale of any services or products bearing the

Infringing Logo;

4.      Plaintiff be awarded all damages caused by the acts forming the basis of this

Complaint;

20

5.      The damages awarded be trebled and the award of the Surgical Center's and the Individual Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

6.      All Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action under 15 U.S.C. § 1117(a);

7.      Based on the Surgical Center's and the Individual Defendants' willful and deliberate infringement of the BCOS Trademark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

8.      Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

9.      Plaintiff be granted such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.


KANG HAGGERTY & FETBROYT LLC

By: *Edward T. Kang*

Edward T. Kang
Jacklyn Fetbroyt
Beth A. Hurley
ekang@KHFlaw.com
jfetbroyt@KHFlaw.com
bhurley@KHFlaw.com
123 S. Broad Street, Suite 1670
Philadelphia, PA 19109
P: (215) 525-5850
F: (215) 525-5860
*Attorneys for Plaintiff*

Dated: March 12, 2019

# EXHIBIT A



**Kang
Haggerty &
Fetbroyt LLC**

C O U N S E L O R S   A T   L A W

**BETH A. HURLEY**
Direct Dial: (215) 874-3024
bhurley@KHFlaw.com

December 11, 2018

**LEGAL NOTICE**
**NOT FOR PUBLICATION OR OTHER USE**

*Via First-Class Mail*
Board of Directors of Thomas E. Mackell M.D. LTD d/b/a Bucks County Orthopedic Specialists
(see attached service list)
800 West State Street, Suite 202
Doylestown, PA 19801

> RE:   **Delaware River Surgical Suites, LLC d/b/a Bucks County Surgical Suites
> ("Surgical Center") and Thomas E. Mackell M.D. LTD d/b/a Bucks County
> Orthopedic Specialists ("BCOS" or the "Corporation").**

To the Board of Directors of the Corporation:

I am writing on behalf of my client, Dr. Robert Handy, a Shareholder of the Corporation. This letter is being sent to you regarding the logo and tradename used by the Surgical Center, specifically the tradename "Bucks County Surgical Suites" along with the logo (collectively, "Surgical Center Trademark"). The Surgical Center Trademark is substantially similar to the trademark of the Corporation and is likely to cause confusion or mistake regarding the affiliation, connection, or association between the Corporation and the Surgical Center in violation of the Lanham Act, 15 U.S.C. § 1125(a).

The similarities between the Surgical Center Trademark and BCOS trademark create a likelihood of confusion among current and prospective patients. This confusion is likely to cause patients and prospective patients to wrongfully associate the Surgical Center with BCOS, or wrongfully believe that the Surgical Center is a subsidiary of BCOS. The BCOS trademark is the Corporation's intellectual property. The Surgical Center is diluting and usurping BCOS' intellectual property for the benefit of the Surgical Center via the creation of a Surgical Center Trademark that is so similar to that of the BCOS trademark.

Any assistance or input that any Shareholder contributed to the adoption of the logo and trademark used by the Surgical Center represents a breach of the Corporation's Second Amended and Restated Shareholders' Agreement (the "Shareholders' Agreement") in connection with the same.

Board of Directors of Thomas E. Mackell M.D. LTD
December 11, 2018
Page 2 of 2

Under Paragraphs 15(a) and 15(c) of the Shareholders' Agreement, the Shareholders owe a duty of loyalty to the Corporation. This position is supported by Pennsylvania law. Under 15 Pa.C.S.A. § 512, "a director of a domestic corporation shall stand in a fiduciary relation to the corporation and shall perform his duties as a director, including his duties as a member of any committee of the board upon which he may serve, in good faith, in a manner he reasonably believes to be in the best interests of the corporation and with such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances."

My client, Dr. Robert Handy, demands that the Corporation take immediate action against the Surgical Center for violation of Lanham Act, 15 U.S.C. § 1125(a), including injunctive relief and damages. The Surgical Center's continued use of the Surgical Center Trademark will result in immediate and irreparable harm to the Corporation. Absent hearing from you by December 27, 2018, Dr. Handy will proceed with formal action.

Sincerely,

Beth A. Hurley

BAH:zrb
c.c.:     *(via e-mail only)*
          Edward T. Kang, Esquire
          Jacklyn Fetbroyt, Esquire

**Service list:**

Kieran D. Cody, M.D.
800 West State Street, Suite 202
Doylestown, PA 19801

Charles B. Burrows, M.D.
800 West State Street, Suite 202
Doylestown, PA 19801

Ninad D. Sthalekar, M.D.
800 West State Street, Suite 202
Doylestown, PA 19801

Thomas H. Vikoren, M.D.
800 West State Street, Suite 202
Doylestown, PA 19801

Sean Butler, D.O.
800 West State Street, Suite 202
Doylestown, PA 19801

Jung Park, M.D.
800 West State Street, Suite 202
Doylestown, PA 19801

Douglas A. Boylan, M.D.
800 West State Street, Suite 202
Doylestown, PA 19801