IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT HANDY,

          Plaintiff,

   v.

DELAWARE RIVER SURGICAL SUITES, LLC d/b/a BUCKS COUNTY SURGICAL SUITES, et al.,

          Defendants.

and

THOMAS E. MACKELL, M.D., LTD. d/b/a BUCKS COUNTY ORTHOPEDIC SPECIALISTS,

          Nominal Defendant.

CIVIL ACTION
NO. 19-1028

**Slomsky, J.**                                                          **October 9, 2024**

**OPINION**

## I.     INTRODUCTION

Before the Court are the Objections of Plaintiff Dr. Robert Handy ("Dr. Handy" or "Plaintiff") (Doc. No. 400) to the Report and Recommendation ("R&R") of Special Master James J. Rohn, Esquire, dated August 29, 2024 (Doc. No. 399).  Defendant Bucks County Orthopedic Specialists ("BCOS" or "Defendant") filed an Opposition to Plaintiff's Objections (Doc. No. 402).

On May 31, 2024, Nominal Defendant Thomas E. Mackell, M.D., Ltd., d/b/a Bucks County Orthopedic Specialists ("BCOS") filed a Motion for Leave to Amend its Answer and if Necessary, to Amend the Scheduling Order to Permit Additional Discovery.  (Doc. No. 386.)  BCOS seeks to do the following:  (1) amend its counterclaim for breach of contract (the Employment Agreement),

1

resurrecting its breach of loyalty theory,[1] and (2) add a counterclaim alleging breach of the duty of loyalty in the Shareholder Agreement, all stemming from and grounded in newly-discovered evidence. (Doc. No. 386-2 at 9.)  What is newly discovered is "Document No. 16," an email chain, leading BCOS to assert that Dr. Handy leaked confidential information to his brother and his brother's wife, BCOS employee Dr. Maria Halluska-Handy, who used the information to negotiate with BCOS more favorable terms of her separation from employment.  (Id.)  On the hypothesis that Document No. 16 is likely not the sole evidence of the alleged information leak, BCOS also seeks to extend discovery deadlines by sixty (60) days so that it can explore the alleged leak in more detail.  (Doc. No. 386-2 at 10, 19.)

Plaintiff Dr. Handy opposes the Motion on grounds that the proposed counterclaims are barred by the statute of limitations and would be futile because they fail to state a claim.  (Doc. No. 388 at 6-18.)  Dr. Handy also contests further discovery on grounds that it would "increase costs, defer resolution, and prejudice the Plaintiff."  (Doc. No. 388 at 18-20.)

On July 19, 2024, this Court entered an Order referring BCOS' Motion to Amend (Doc. No. 386) to the Special Master for an R&R on whether Leave to Amend should be granted and whether additional discovery is necessary.  (See Doc. No. 390.)  On August 29, 2024, the Special Master issued the R&R, finding that the Motion to Amend should be granted and the parties should be permitted to conduct limited additional discovery.  (Doc. No. 399.)  As noted, Dr. Handy filed objections to the R&R, and BCOS filed a Reply to the objections.  (See Doc. Nos. 400, 402.)

---

[1] On June 2, 2022, BCOS filed counterclaims with its Answer.  (Doc. No. 255.)  The Court granted Plaintiff's Motion to Dismiss Counterclaim I (Breach of Employment Agreement) and Counterclaim II (Breach of Shareholder Agreement) based on a duty of loyalty theory. (See Doc. No. 298.)

Pursuant to Federal Rule of Civil Procedure 53(f)(3)-(4),[2] objections to both the Special Master's findings of fact and conclusions of law are reviewed de novo. Thus, the Court has conducted a de novo review of the matters in question in their entirety. Based upon this review, the Court will overrule Plaintiff's first objection, amend the R&R with regard to Plaintiff's second objection, and adopt the R&R granting BCOS' Motion to Amend and permitting additional discovery under the auspices of the Special Master. In addition, Plaintiff will be permitted to take discovery on the statute of limitations issue that he raised.

## II.   STANDARD OF REVIEW

### A.  Motion to Amend Under Federal Rule of Civil Procedure 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "Motions to amend under Rule 15 are typically granted liberally[.]" Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 210 (3d Cir. 2019). "The liberal right to amend extends to an answer to a complaint." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). "There are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment

---

[2]   Rule 53, which governs the appointment of a Special Master, provides in relevant part:

(f) Action on the Master's Order, Report, or Recommendations.

(3) Reviewing Factual Findings. The court must decide de novo all objections to findings of fact made or recommended by a master [in the absence of the parties' stipulation to the contrary] . . .

(4) Reviewing Legal Conclusions. The court must decide de novo all objections to conclusions of law made or recommended by a master.

would be futile, or (3) the amendment would prejudice the other party."  United States ex rel. Customs Fraud Investigations, LLC v. Victaulic 120 Co., 839 F.3d 242, 249 (3d Cir. 2016).

### B.  Futility

"The standard of legal sufficiency set forth in Fed. R. Civ. P. 12(b)(6) determines whether a proposed amendment would be futile."  Anderson v. City of Phila., 65 F. App'x  800, 801 (3d Cir. 2003).  Thus, an amendment is futile when the proposed amended complaint or counterclaim would fail to state a claim upon which relief could be granted.  Id.  To survive dismissal, an amended counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  An amendment is futile when the claim asserted is beyond the statute of limitations.  See Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001).

## III.    BACKGROUND

### A.  Factual Background

BCOS is a corporation specializing in orthopedic medicine.  (Doc. No. 1. ("Compl.") ¶¶ 21-22.)  Since 1999, BCOS used a "running man" in its marketing materials.  (Id. ¶ 23.)  For part of 2016 and 2017, Dr. Handy was deployed to Jordan with the Pennsylvania Army National Guard.[3]  (See Doc. No. 227 at 6.)  Around August 2017, Defendants Kieran D. Cody, M.D., Charles B. Burrows, M.D., Ninad D. Sthalekar, M.D., Thomas H. Vikoren, M.D., Sean Butler, D.O., Jung Park, M.D., and Douglas A. Boylan, M.D. (the "Individual Defendants") formed a new medical facility (the "Surgical Center").  (Compl. ¶ 44.)  The Surgical Center began using a similar "running man" logo in its marketing.  (Id. ¶ 58, 59.)

---

[3]    Dr. Handy claims that he faced harassment and retaliation from Individual Defendants before, during, and after his deployment.  (See Doc. No. 227 at 15.)

On March 29, 2018, Dr. Handy sent an email to the Individual Defendants stating that he "let Maria [Dr. Halluska-Handy, a nonshareholder BCOS employee and Dr. Handy's sister-in-law] know about the groups [sic] decision [to terminate Dr. Halluska-Handy's employment] today." (Doc. No. 388, Exhibit 5).  Dr. Handy and the Individual Defendants comprised all of BCOS' shareholders.  (Compl. ¶ 36-37.)

On March 12, 2019, Dr. Handy brought a derivative action, raising claims of unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement and unfair competition.  (See Doc. No. 245 at 2.)  What has followed in the five years since, in the words of the Special Master, is "a long-running and contentious litigation … [addressing] a plethora of dispositive and discovery motions."  (Doc. No. 399 at 2.)

Most recently, on April 29, 2024, under court order, Dr. Handy produced Document No. 16, an email chain, which BCOS contends was its first notice that Dr. Handy had leaked confidential information to a non-shareholder.  (Doc. No. 386-2 at 9.)  Specifically, BCOS asserts that in the email chain, Dr. Handy shared sensitive financial information about BCOS as well as the possible decision to terminate Dr. Halluska-Handy with Dr. Halluska-Handy (a non-shareholder BCOS employee and Dr. Handy's sister-in-law) and with Kevin Handy (Dr. Handy's brother and an attorney).  The email chain suggested that directors address BCOS' "financial crisis" by "[r]eleas[ing] Maria Halluska-Handy effective immediately or as per contract stipulations." (Doc. No. 386-46.)

## B.  Procedural History

On March 12, 2019, Plaintiff brought a derivative action pursuant to Federal Rule of Civil Procedure 23.1 on behalf of BCOS against Defendant Delaware River Surgical Suites, LLC d/b/a Bucks County Surgical Suites ("the Surgical Center"), the Individual Defendants, and Thomas E.

Mackell, M.D., Ltd. d/b/a Bucks County Orthopedic Specialists.[4]  (See Compl.)  The action is brought under the Lanham Act, 15 U.S.C. § 1125(a), alleging that, with assistance of Individual Defendants, Defendant Surgical Center, another medical facility, adopted and continues to use the logo that is confusingly similar to BCOS' trademark that BCOS has used for years.  (Id.)  Dr. Handy also has a related lawsuit pending before this Court.[5]

### C.  Motion to Amend and for Additional Discovery

The disclosure of the Document No. 16 email chain prompted BCOS to file a Motion to Amend and for Additional Discovery (Doc. No. 386) (the "Motion"), moving to amend its counterclaim for breach of contract (the "Employment Agreement") and to add a counterclaim alleging breach of the duty of loyalty in the Shareholder Agreement.  (Doc. No. 386-2 at 9; see also Doc. No. 386-3, "Proposed Amended Counterclaims.")  BCOS alleges that Dr. Halluska-Handy used the leaked confidential information "to her advantage and to the detriment of BCOS," resulting in harm to BCOS.  (Doc. No. 386-3.)  BCOS asserts amending the counterclaims is

---

[4]   Rule 23.1 states in pertinent part:

    (a) Prerequisites.  This rule applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association.

    (b) Pleading Requirements.  The complaint must be verified and must:

    (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law.

[5]   See Handy v. Thomas E. Mackell, M.D. Ltd. d/b/a/ Bucks County Orthopedic Specialists, et al., 19-cv-2357. This is a direct suit against BCOS, in which Plaintiff claims he was wrongfully terminated under both his employment agreement and the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, et seq.

permissive since there "has been no undue delay or bad faith, [the] amendment is not futile, and it would not prejudice Dr. Handy." (Doc. No. 386-2 at 10.) As noted above, Dr. Handy opposes the Motion on grounds that amendment is barred by the statute of limitations and would be futile because the proposed counterclaims are not sufficiently pled. (Doc. No. 388, at 9-18.)

There were discovery disputes and supplemental briefing on the Motion to Amend. (Doc. Nos. 391, 393, 395.) The arguments raised have been carefully considered by the Special Master and by the Court.

## IV.   SPECIAL MASTER REPORT AND RECOMMENDATION

### A.  The Special Master Found that BCOS' Motion to Amend Should be Granted.

In the R&R, the Special Master found Dr. Handy's argument—that BCOS' amendments would be futile because the statute of limitations had run, the limitations period was not tolled, and the Proposed Amended Counterclaims fail to state a claim—to be unavailing. (Doc. No. 399 at 7-11.) Because the Special Master found that the Proposed Amended Counterclaims were not futile and did state claims upon which relief can be granted, he recommended that the Motion to Amend be granted.

#### 1.   Statute of Limitations, Discovery Rule, and Rule 15(c)

The Special Master found that the statute of limitations on the Proposed Amended Counterclaims was tolled by Pennsylvania's discovery rule, meaning that they are not time-barred. The Special Master relies on the notion that the discovery rule ties "commencement of the limitations period to actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice to the full extent of the inquiry, the fact of actual negligence, or the precise cause." Rice v. Diocese of Altoona-Johnstown, 255 A.3d 237, 247 (Pa. 2021) (quotations omitted). The statute of limitations for

breach of contract in Pennsylvania is four (4) years.  (42 Pa. C.S.§5525.)  The Special Master disagreed with Plaintiff's contention that, based on Dr. Handy's March 29, 2018 email to colleagues stating, "I let Maria [Dr. Halluska-Handy] know about the groups [sic] decision [to terminate her employment] today," BCOS had constructive knowledge of harm and therefore the statute of limitations began to run.  (See Doc. No. 388 at 12).  In other words, if the March 29, 2018 email had provided adequate constructive notice, the limitations period would have ended on March 29, 2022 and the claim would therefore be time-barred.  But since the March 29, 2018 email did not reference any financial or proprietary information, the Special Master concluded that it did not in fact provide constructive notice under Rice.  (Doc. No. 399 at 8.)

The Special Master also found that the new claims relate back to the original pleading under Federal Rule of Civil Procedure 15(c).  He notes in the R&R that the relation-back analysis "entails a search for a common core of operative facts in the two pleadings."  (Doc. No. 399 at 9) (quoting Glover v. F.D.I.C., 698 F.3d 139, 145 (3d Cir. 2012) (quotations omitted).  Here, the original counterclaim alleged Dr. Handy's mishandling of proprietary information breached his contractual obligations, and the Proposed Amended Counterclaim supplants this broad accusation with detail that only became available after the fact.  (Doc. No. 399 at 9-10.)  Thus, the Special Master found that the two pleadings do share a common nucleus of operative facts and therefore the amended pleading relates back to the original pleading.  (Id.)

## 2.  Failure to State a Claim

Next, the Special Master found that the Proposed Amended Counterclaims satisfy the pleading standard articulated in Iqbal.  BSOC alleged Dr. Handy provided confidential information to non-shareholders, that Dr. Halluska-Handy used confidential information to her advantage, and consequently the leak caused harm to BCOS.  (Doc. No. 386-3 at 205-209, 214, 217.)  The Special

Master found Dr. Handy's argument that "BCOS must establish its alleged damages to a reasonable certainty" to be unavailing. (Doc. No. 399 at 10.) Specifically, he found that Dr. Handy's reliance on <u>Arconic Corp. v. Novelis Inc.</u>, No. CV 17-1434, 2022 WL 17082378 (W.D. Pa. Nov. 18, 2022) was misplaced because a plaintiff need not prove damages at the pleadings stage. (Doc. No. 399 at 10.) "Whether BCOS can substantiate the alleged difference in [Dr. Halluska-Handy's] separation agreement terms and attendant loss through admissible evidence is for later stages of the case." (<u>Id.</u> at 11.) The Special Master found the facts asserted in Defendant's counterclaims sufficient to state a claim. (Doc. No. 399 at 11; <u>see</u> Doc. No. 386-2.) Thus, he concluded that the Proposed Amended Counterclaims do not fail for plausible insufficiency. (<u>Id.</u>)

**B. The Special Master found limited additional discovery appropriate.**

Next, the Special Master found that while additional discovery is warranted, it must also be limited. Additional discovery makes sense at this juncture, he determined, because of the copious documents that have recently come to light, the information revealed in Document No. 16, and the recommendation to grant the amendment of Defendants' Answer. (Doc. No. 399 at 11-12.) In the R&R, the Special Master suggests the further discovery be limited to the recent document production and to the newly-pled counterclaims. (<u>Id.</u> at 12.)

Further, the Special Master found it necessary to reign the parties in with specific guidance geared to increase communication and efficiency since "they cannot agree to resolve even minor disputes." (Doc. No. 399 at 12 n. 5.) He recommended that the parties take the following into consideration when conducting more discovery: (1) the relatively small part that the newly-pled counterclaims play in the case, (2) the need for additional discovery to be narrowly tailored to the new evidence and claims, and (3) any privilege that may apply. (Doc. No. 399 at 13.) For example, "[r]equests that effectively seek all documents related to Dr. Halluska-Handy's employment with

BCOS are overbroad," whereas discovery that relates specifically to Dr. Handy's involvement in

her termination is appropriate.  (Id.)  The Special Master recommended the following procedure:

> 1. Within 7 days of the entry of an order adopting this Report and Recommendation (if so adopted), the parties' counsel must (a) meet and confer regarding additional discovery that they believe is necessary and (b) submit a joint status report to the Special Master. The joint status report must include:
>
>> a. The nature of further discovery requested, i.e., the type of discovery (interrogatories, depositions, etc.) and the number of each, describing whether the parties agree or each parties' position on the need for such discovery. Parties may attach draft discovery requests but should not formally serve parties or non-parties until after the conference with the Special Master in paragraph 2 below.
>>
>> b. To the extent that the parties propose additional depositions: the name(s) of the deponent(s); a statement of whether the deponent has been previously deposed in this case or [Case No. 2: 19-cv-2357 (the "USERRA case")] and for how long (in days and hours); each parties' position on the proposed length in hours of the addition deposition(s).
>>
>> c. At least three proposed dates and times for a conference by video with the Special Master in the week following the submission of the joint status report.
>
> 2. The Special Master will conduct a conference with the parties within 7 days of the submission of the joint status report. The parties should be prepared to discuss the joint status report, further requested discovery, and the impact of further discovery on the current scheduling order. The Special Master will attempt to narrow any areas of disagreement and set parameters for further discovery.
>
> 3. All further discovery must be completed within 30 days of the conference.
>
> 4. The Special Master will attend any additional depositions and will rule on objections to the scope and to privilege during the depositions.

(Doc. No. 399 at 14.)

## V.   OBJECTIONS

On September 9, 2024, Plaintiff filed Objections to the Special Master's R&R, raising two

challenges.  (Doc. No. 400.)  First, Dr. Handy takes issue with the finding that the statute of

limitations was tolled for the breach of contract counterclaim.  (Doc. No. 400 at 1-5.)  Plaintiff

contends that based on his March 29, 2018 email to colleagues stating, "I let Maria [Dr. Halluska-

Handy] know about the groups [sic] decision [to terminate her employment] today," BCOS had constructive knowledge of harm and therefore the statute of limitations began to run.  (See Doc. No. 388 at 12.)  Dr. Handy claims that this email statement constituted constructive notice under Rice, and therefore any Proposed Amended Counterclaim for breach of contract would be time-barred.  (Id.)  Second, Dr. Handy requests that he be permitted to take discovery on the timing of BCOS' awareness of the injury alleged in the Proposed Counterclaims.  (Doc. No. 400 at 5.)

## VI.   ANALYSIS

This Court has conducted a de novo review of all objections, as well as the record in its entirety.  Based on this review, the Court will adopt the R&R of the Special Master in full, including the discovery plan above, but will allow Plaintiff to take discovery on the timing of BCOS' awareness of the injury alleged in the Proposed Counterclaims.

### A.  The Court Will Overrule Plaintiff's Objection to the Decision That the Breach of Contract Counterclaim Was Time-Barred or Insufficiently Pled.

Pennsylvania's discovery rule provides a narrow exception that allows a claimant to file a claim after the statutory period has passed based on the idea the claimant did not know of the alleged harm and link it to the defendant in time to file it before the time limit.  See Rice, 255 A.3d at 247.  Here, Defendant neither knew nor reasonably should have known that Plaintiff leaked confidential information just from a one-line email stating, "I let Maria [Dr. Halluska-Handy] know about the groups [sic] decision [to terminate her employment] today."  The email does not state anything about financial or proprietary information that was allegedly disclosed to her.

"The discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises."  Fine v. Checcio, 582 Pa. 253, 269 (2005). The Special Master found "BCOS did not have constructive knowledge that it was significantly harmed and that Dr. Handy was linked to the

harm" because the March 29, 2018 email did not reference any financial or proprietary information.  (Doc. No. 399 at 8.)  Based upon the allegations in the Proposed Counterclaims and the one-line email from Dr. Handy to his sister-in-law, the Court agrees.

The Special Master also bases his conclusion on BCOS' due diligence in pursuing the breach of contract counterclaim.  The <u>Rice</u> court stated that a claimant's "inability to know of the injury must be 'despite the exercise of reasonable diligence.'"  <u>Rice</u>, 255 A.3d at 247 (quoting <u>Fine v. Checcio</u>, 582 Pa. 253, 267 (2005)).  Here, BCOS asked for Document No. 16, despite Dr. Handy's attempts to withhold it, and then about a month later sought to amend its counterclaims accordingly.  (Doc. 399 at 8.)  Based upon the allegations in the Proposed Counterclaims and the one-line email from Dr. Handy to his sister-in-law, the Court agrees with the Special Master's finding that the statute of limitations will not bar BCOS from amending its Answer to include a counterclaim for breach of contract.

The Court has also conducted a <u>de novo</u> review of the Proposed Amended Counterclaims (Doc. No. 386-3), the underlying documents on which they are based, and Document No. 16.  At this stage, the Proposed Amended Counterclaims do sufficiently allege the claims asserted with damages.  As noted earlier, the damages would be the loss to BCOS, if any, stemming Dr. Halluska-Handy having the information allegedly leaked to her by Plaintiff during the negotiation of her separation agreement.  Therefore, this objection will be overruled.

**B.  The Court Will Amend the Findings of the Special Master to Grant Plaintiff's Discovery Request.**

Finally, the Court will amend the findings and recommendations of the Special Master as to Plaintiff's request to take discovery regarding the timing of BCOS' awareness of the injury alleged in its Proposed Counterclaims.  (Doc. No. 400 at 5.)  Because the issue of whether

12

Defendant had constructive notice of harm caused by Plaintiff is a viable one,[6] Plaintiff will be permitted to take discovery on the timing of BCOS' awareness of any injury for purposes of determining the commencement of the statute of limitations on the Proposed Counterclaims.  The discovery shall be conducted in accordance with a schedule set by the Special Master and under his guidance in regard to scope.

This discovery will be allowed because the Proposed Counterclaims on their face do not show the statute of limitations has run.  Therefore, for this reason, the Proposed Counterclaims may not be dismissed at the motion to dismiss stage for this reason.  But such a ruling does not bar discovery on the running of the statute of limitations because courts in this circuit are "guided by the general rule that such determinations are typically within the jury's province unless "the facts are so clear that reasonable minds cannot differ . . . ." In re Mushroom Transp. Co., Inc., 382 F.3d 325, 339 (3d Cir. 2004) (quoting Melley v. Pioneer Bank, N.A., 834 A.2d 1191, 1201 (Pa. Super. Ct. 2003)) (citation omitted).  Therefore, additional discovery shall be permitted regarding when BCOS first became aware of any injury they allege in the Proposed Amended Counterclaims.

---

[6]   Plaintiff did not object to the Special Master's recommendation that the allegedly leaked information which provides the basis for the Proposed Amended Counterclaims relates back to the original Amended Complaint in accordance with Federal Rule of Procedure 15(c), and the law supports the recommendation.  "[I]t is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'"  Glover v. F.D.I.C., 698 F.3d 139, 146 (3d Cir. 2012) (quoting Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n. 3 (1984)).  Thus, if the Proposed Amended Counterclaims relate back, there is no statute of limitations issue.  Nonetheless, to ensure the parties have a full and fair opportunity to discern the timeliness of the Proposed Amended Counterclaims, the Court will allow this additional discovery under the direction of the Special Master.

**VII.   CONCLUSION**

For the foregoing reasons, the Court will overrule Plaintiff's first objection and adopt the Special Master's Report and Recommendation granting Defendant BCOS' Motion to Amend its Answer (Doc. No. 386) and allowing additional discovery.   Defendant BCOS may file the Proposed Amended Counterclaims.   (Doc. No. 386-3.)   Moreover, limited discovery will be permitted as described in the R&R and as amended above.   An appropriate Order shall follow.