IN THE UNITED STATES OF DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| ROBERT HANDY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DELAWARE RIVER SURGICAL SUITES, LLC d/b/a BUCKS COUNTY SURGICAL SUITES, et al.<br><br>　　　　　　　Defendants.<br><br>and<br><br>THOMAS E. MACKELL, M.D., LTD. d/b/a BUCKS COUNTY ORTHOPEDIC SPECIALISTS,<br><br>　　　　　　　Nominal Defendant. | CIVIL ACTION<br><br>No. 2:19-cv-1028 |

## ORDER

**AND NOW**, this 5th day of June 2025, upon de novo consideration of Nominal Defendant Thomas E. Mackell, M.D., Ltd. d/b/a Bucks County Orthopedic Specialists' ("BCOS" or "Defendant") Motion for Sanctions for Spoliation of Electronically Stored Information (Doc. No. 414), Plaintiff Dr. Robert Handy's ("Dr. Handy" or "Plaintiff") Response in Opposition (Doc. No. 415), BCOS' Reply (Doc. No. 416), the Report and Recommendation ("R&R") of Special Master James J. Rohn, Esquire, dated April 30, 2025 (Doc. No. 449), BCOS' Objections to the R&R (Doc. No. 458), and Dr. Handy's Response in Opposition to BCOS' Objections to the R&R (Doc. No. 472), it is **ORDERED** that the R&R (Doc. No. 449) is **APPROVED** and **ADOPTED**, BCOS' Objections (Doc. No. 458) are **OVERRULED**, and the Motion for Sanctions for Spoliation of

1

Electronically Stored Information (Doc. No. 414) is **DENIED**.[1]

---

[1] Before the Court are Defendant BCOS' Objections to the Special Master's R&R (Doc. No. 458), raising two challenges involving alleged spoliation of cellphone evidence.

First, BCOS contends that because at least some Electronically Stored Information ("ESI") was unrecoverable after Dr. Handy dropped his cellphone, spoliation occurred. (Id. at 2.) In this regard, BCOS claims the Special Master erred by ignoring the existence of pertinent text messages on Dr. Handy's cellphone between him and his sister-in-law Maria Halluska-Handy, who worked at BCOS and was about to be terminated. (Id.)

Second, BCOS avers that testimonial evidence proves Dr. Handy intentionally destroyed the ESI. (Doc. No. 458 at 4–5.) BCOS supports this contention with what it describes as Dr. Handy's conflicting statements regarding whether he imaged his cellphone (copied the information on it to another device), whether he was working with a forensic specialist in an effort to recover the messages, and whether he searched his prior cellphone for relevant information. (Id.) BCOS asserts "it is highly probable that the withheld data from the Lost ESI includes communications wherein Dr. Handy improperly shares information that he had a contractual obligation to keep [confidential]." (Doc. No. 414-1 at 26.) In support, BCOS points to "Dr. Handy's history of sharing BCOS' confidential information with Dr. Halluska and Kevin Handy . . . including the emails that led to the Limited Discovery and Dr. Handy's belated document production." (Doc. No. 414-1 at 26.) One specific email, referred to as "Document 16," led to additional discovery being ordered in this case. (See Doc. No. 372.) Document 16 was an email Dr. Handy forwarded to Halluska-Handy, which contained the confidential information that she was going to be terminated. BCOS therefore already had what they considered to be evidence relevant to their newly asserted counterclaim involving Dr. Handy's improper sharing of the company's confidential information. (Id.)

In Donofrio v. IKEA US Retail, LLC, the court noted:

> Generally speaking, spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. The [Federal Rule of Civil Procedure] 37(e) inquiry is divided into two steps: (i) assessing whether spoliation occurred; and (ii) what form of sanction may be appropriate. At the first step, Rule 37(e) provides that spoliation occurs where ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e).

No. CV 18-599, 2024 WL 1998094, at ** 21, 30 (E.D. Pa. May 6, 2024) (citations omitted). And "[p]rejudice requires offering "plausible, concrete suggestions" of what the missing ESI would have shown. Id.

Here, with regard to this first objection, there is no dispute that Dr. Handy's texts are lost and that prior to dropping his cellphone he did not image the cellphone, which would have been a

BY THE COURT:

/s/ Joel H. Slomsky, J.
Joel H. Slomsky, J.

---

reasonable step to preserve its content. (See Doc. No. 415-5 at 3, 17; Doc. No. 317.) However, Kevin Handy, Esquire, another party to the text messages during the time period at issue who is the spouse of Maria Halluska-Handy, had some of the texts on his phone, reviewed them for responsiveness to BCOS' request, and did not find that any were responsive or relevant to this case. (See Doc. No. 415-3.) Thus, because some ESI that was lost from Dr. Handy's cellphone was still available on Kevin Handy's phone, this ESI was recoverable. (Doc. No. 449 at 5.)

Furthermore, BCOS has not demonstrated that any pertinent text messages on Dr. Handy's cellphone between him and Halluska-Handy existed. Nor has BCOS offered any "plausible, concrete suggestions" that these text messages contained confidential information. BCOS only speculates on the content of any text messages that were lost. But BCOS already had Document 16, which BCOS believed gave it sufficient information to file a counterclaim against Dr. Handy for breach of his employment agreement based on the theory that confidential information was disclosed.

Regarding the second objection, BCOS is essentially asking the Court to draw an adverse inference that Dr. Handy had nefarious intent when he dropped his cellphone. However, even if BCOS were correct that Dr. Handy contradicted himself, or did the other things noted above, no such adverse inference is warranted here. See Accurso v. Infra-Red Servs., Inc., 169 F. Supp. 3d 612, 618 (E.D. Pa. 2016) ("adverse inference is appropriate only on a finding that the party responsible for the destruction of the lost information acted with the intent to deprive another party of access to the relevant information"). Insufficient evidence has been provided by BCOS to show that Dr. Handy acted with the intent to deprive Defendants of relevant evidence in this case.

Finally, BCOS' assertion that "it is highly probable that the withheld data from the Lost ESI includes communications wherein Dr. Handy improperly shares information that he had a contractual obligation to keep [confidential]," is speculative. The fact that an email concerning Dr. Handy's sister-in-law's termination was forwarded to her does not give rise to an inference that Dr. Handy also sent and/or hid other text messages. Consequently, for all the above reasons, Defendant's Motion for Sanctions for Spoliation of Electronically Stored Information (Doc. No. 414) will be denied.